### FIRST CONGREGATIONAL SOCIETY *v.* PELHAM.

A bequest to A upon a condition subsequent, to be performed by him, and, upon his default, to B, vests a contingent interest in the legacy in B, and A's right to it becomes forfeited by his refusal to perform the condition.

Where a fund is bequeathed to A in trust, to be used for a specific purpose, and upon his default to B, if A, having received the legacy, makes default, and diverts the fund to his own profitable use, B, after a demand, may recover the fund of A with interest from the time of its diversion.

ASSUMPSIT. Facts agreed. H., by her will, devised the residue of her estate, after certain specific legacies, to the defendant town, in trust, the income to be appropriated for the education of the children of the town in a high school, to be established and commenced by the

town within five years from her decease. If the school should not be commenced within the five years, the residue was given to the plaintiffs. The testatrix died April 26, 1872, and her will was proved and allowed June 25, 1872. March 10, 1874, the town voted to accept the legacy, and appointed the selectmen a board of trustees to receive it, but refused by vote to establish the school. March 14, 1876, the town voted to establish the school. At an adjourned meeting, April 1, 1876, the vote of March 14 was rescinded. In November, 1876, and March, 1877, the town by vote refused to establish the school. May 26, 1874, the executor settled his account in the probate court, and there was found a residue in his hands of $3,519.11, which sum he voluntarily paid over on the same day to the selectmen without any decree of the probate court, and the selectmen appropriated the money to the payment of the town's debts. The school not having been commenced within the time prescribed by the will, the plaintiffs, before suit, demanded the fund of the defendants.

*Stevens & Parker* and *A. W. Sawyer*, for the plaintiffs.

*G. Y. Sawyer & Sawyer, Jr.*, for the defendants.

SMITH, J. The condition upon which the legacy was given to the defendants has not been performed. A contingent interest in the legacy vested in the plaintiffs, and the contingency upon which their interest depended happened by the neglect of the defendants to begin the school in the time prescribed by the will. They appropriated the money to their own use by using it to pay their debts. Their right to the legacy having become forfeited by their non-compliance with the conditions attached to it, the money which they had received became the plaintiffs' money, which in equity the defendants ought to pay. *Wiggin* v. *Berry*, 22 N. H. 114; *Lockwood* v. *Kelsea*, 41 N. H. 185, 187; *Wentworth* v. *Gove*, 45 N. H. 160; *Sargent* v. *Cornish*, 54 N. H. 18; *Hayden* v. *Stoughton*, 5 Pick. 528; *Clapp* v. *Stoughton*, 10 Pick. 463.

The defendants are liable for interest from the time they used the money to pay their debts. It is a fund held in trust for a specific purpose, out of which they are not entitled to make a profit. If the money had remained in the executor's hands until the end of the five years from the death of the testatrix, it is reasonable to suppose interest would have accumulated thereon, and would have become a part of the residue to be paid to the plaintiffs. It was not the testatrix's will that the town should have the benefit of the use of the money, equivalent to the interest of it, if the school was not established. It was her intention that the benefit derived by the town from the legacy should be educational. For any other than the specific educational purpose of the will the town had no more right to take and retain a profitable use of the money, than it had to lease the money and keep the interest, or to keep the principal. The town received the money

as trustee; and the trustee should make no profit out of the trust-fund by diverting it to the payment of the trustee's debts. In *Clapp* v. *Stoughton*, 10 Pick. 463, where the defendants had forfeited a devise of real estate for non-performance of a condition subsequent, it was held that an action for the rents and profits of the real estate might be maintained by the heirs of the residuary legatee. See, also, *Jackson* v. *Smith*, 52 N. H. 9; *Wood* v. *Robbins*, 11 Mass. 504; *Bank* v. *Harris*, 118 Mass. 147.

The defendants claim that they are not liable for interest, because they had the title and rightful possession of the fund till the end of five years from the decease of the testatrix, and that she intended they should have till the end of the five years in which to decide. They also claim, that, if the town had no right to the legacy until they had established and commenced a school, they are liable to the executor and not to the plaintiffs. If the defendants had the legal title and rightful possession of the fund until the end of the five years, their title then passed to the plaintiffs, and the defendants are liable for interest; not because they had, or had not, title or possession, but because they derived from the fund a benefit equivalent to interest, in violation of the trust. If the defendants never had any title to the fund, nor any right to the possession of it, this suit may as well be maintained by the plaintiffs as by the executor. *Davis* v. *Bradford*, 58 N. H. 476, 480. If the executor can recover this money of the defendants, he can only do it as trustee for the plaintiffs, and for their benefit. A recovery by the plaintiffs, therefore, would be a defence to a suit by the executor.

The plaintiffs are entitled to judgment for $3,519.11, and interest from the time the defendants paid the debts of the town with the money.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.